**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BENJAMIN C. LEWIS, 08050825,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-1855-L** |
| | ) | **ECF** |
| **DALLAS COUNTY JAIL, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case**

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.

**Parties**

Plaintiff presently resides in Dallas, Texas.  At the time he filed this action, he was

incarcerated in the Dallas County Jail.  Defendants are the Dallas County Jail, Dr. Ramona

Leach and Parkland Memorial Hospital ("Parkland").  The court has not issued process in this

case, pending preliminary screening.

**Statement of Case**

Plaintiff sues Defendants for permanent damages to his sight, liver and kidney that he

endured while incarcerated in the Dallas County Jail.  Plaintiff alleges that Dr. Ramona Leach

1

misdiagnosed him as a diabetic patient on September 27, 2006, and prescribed him an incorrect

dosage of diabetic medication.  After taking the medicine for twenty-five days, Plaintiff was

rushed to Parkland Memorial Hospital where he was hospitablized for seven days.  During his

hospital stay, it was determined that Plaintiff was not diabetic and that the medicine had been

prescribed in error.  Plaintiff seeks monetary relief.

**Screening**

The court permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus,

subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the

district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a
> civil action in which *a prisoner* seeks redress from a governmental entity or
> officer or employee of a governmental entity [and] [o]n review, the court shall
> identify cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim
> upon which relief may be granted; or (2) seeks monetary relief from a defendant
> who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable

to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if

the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief

may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*"*

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**Discussion**

**A.      Previous Case**

Plaintiff previously filed a § 1983 complaint involving the same facts that he alleges in

this case.  *See, Lewis v. Keliher, et al.*, No. 3:08-CV-775-D, 2008 WL 3166804 (N.D. Tex. July 28, 2008).  In the previous case, Plaintiff sued Dallas County Judge Margaret Keliher, Dallas County Commissioners Maurine Dickey, Mike Cantrell, Kenneth Mayfield, and John Wiley Price, Dallas County Sheriff Lupe Valdez, and Dr. Ramona Leach.

The Court found that Plaintiff failed to allege personal involvement or acquiescence in the alleged constitutional violation by Sheriff Valdez, the Dallas County Commissioners or Judge Keliher.  The Court therefore dismissed those defendants.

The Court also found that Plaintiff's claims against Dr. Leach amounted "to no more than unsuccessful treatment or negligence, which does not give rise to a constitutional claim."  *Id.* at *3.  The Court dismissed Plaintiff's complaint with prejudice.  Plaintiff did not file an appeal.

In this case, Plaintiff's claims against Dr. Leach are barred by the doctrine of res judicata.  Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases.  *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983).  Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication."  *Id.* at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).

Here, the parties are identical – Plaintiff sued Dr. Ramona Leach in both cases.  The prior judgment was rendered by the United States District Court for the Northern District of Texas, which is a court of competent jurisdiction.  The prior case involved a final decision on the merits.  Finally, both the prior case and this complaint involve the same cause of action.  In

determining whether two cases involve the same cause of action, the Fifth Circuit has stated: "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrilectric Power Partners, Ltd., v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994).  In both cases Plaintiff argues Dr. Leach misdiagnosed him as having diabetes and prescribed him diabetic medication.  Plaintiff's claims against Dr. Leach are therefore barred by res judicata and should be dismissed.

**B.      Dallas County Jail**

Plaintiff names the Dallas County Jail as a defendant.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority."  *Darby*, 939 F.2d at 313 (agency of city government).  Governmental offices and departments do not have a separate legal existence.  *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence).  *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same).  Dallas County Jail should therefore be dismissed.

**C.      Parkland Memorial Hospital**

Plaintiff claims that Parkland failed to properly supervise Dr. Leach, which resulted in Plaintiff receiving inadequate medical care.  To prevail against Parkland under § 1983, Plaintiff

must show: (1) that Parkland's employee violated his clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a Parkland policy or custom adopted and maintained with objective deliberate indifference.  *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008) (quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999)).  In this case, Plaintiff has failed to establish that Dr. Leach violated his constitutional rights.  *See Lewis v. Keliher, et al.*, No. 3:08-CV-775-D (N.D. Tex.).  He therefore is unable to show that Parkland is liable under § 1983 for failure to train.  *See Kinzie v. Dallas County Hospital District*, 106 Fed. Appx. 192, 194, 2003 WL 23696044 at *1 (5th Cir. 2003) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992) (affirming dismissal of plaintiff's § 1983 claims against Parkland for failure to train where Plaintiff failed to establish a violation of his constitutional rights).

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed with prejudice as frivolous.

Signed this 20th day of April, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).